PROB 12C
(6/16)

Report Date: October 22, 2024

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2024

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Brian James Lindsey    Case Number: 0980 2:22CR00107-TOR-1

Address of Offender: ▬▬▬▬▬▬▬▬▬▬▬ Liberty Lake, Washington  99019

Name of Sentencing Judicial Officer: The Honorable Edward J. Lodge, U.S. District Judge
Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: October 20, 2015

| | |
|---|---|
| Original Offense: | Interference with Commerce by Robbery, Aid and Abet the Same, 18 U.S.C. §§ 1951 and 2 |
| Original Sentence: | Prison - 97 months<br>TSR - 36 months |
| Revocation Sentence: (05/03/2023) | Prison - 4 months<br>TSR - 32 months |
| Revocation Sentence: (April 17, 2024) | Prison - 6 months<br>TSR - 26 months |
| Asst. U.S. Attorney: | Patrick J. Cashman |
| Defense Attorney: | Carter Liam Powers Beggs |

Type of Supervision: Supervised Release

Date Supervision Commenced: August 12, 2024

Date Supervision Expires: October 11, 2026

## PETITIONING THE COURT

To issue a summons.

On August 16, 2024, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Lindsey, as outlined in the judgment and sentence.  He signed the judgment acknowledging the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.<br><br>**Supporting Evidence**: On September 17, 2024, Brian Lindsey allegedly violated standard condition number 2 by failing to report as instructed. |

Prob12C
Re: Lindsey, Brian James
October 22, 2024
Page 2

On September 17, 2024, at approximately 8:10 a.m., Mr. Lindsey sent this officer a text message stating that he was "checking in." Additionally, the text message stated that the offender would be working in Newport, Washington, for the day.

This officer immediately attempted to contact the offender at approximately 8:11 a.m., but was unsuccessful. The undersigned sent the offender both a voice and text message instructing him to contact this officer immediately, but he failed to do so.

2    **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On or about September 17, 2024, Brian Lindsey allegedly violated standard condition number 7 by failing to report a change in employment at least 10 days before the change.

Because the offender had not yet answered or responded to this officer's attempts to establish contact, this officer contacted his employer, Dynamic Decks, on September 18, 2024.

According to Mr. Lindsey's supervisor there, the offender worked once, on September 10, 2024, then got sick and did not report to work. He was then scheduled to return to work on September 17, 2024, but later sent the supervisor a text message stating that he had accepted a job with another company, and they had not heard from him since.

It should be noted that Mr. Lindsey failed to report a change in his employment until after this officer confronted him with the information obtained from his former employer.

3    **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On or about September 16, 2024, Brian Lindsey allegedly violated special condition number 4 by consuming methamphetamine.

On September 19, 2024, the individual under supervision reported to the U.S. Probation Office (USPO) and was subject to a random urinalysis. The offender submitted to a random urinalysis and provided a urine sample that was presumptive positive for methamphetamine. Mr. Lindsey adamantly denied illicit drug use and signed a denial of use form confirming that denial.

Because the initial urine sample appeared to be dilute, Mr. Lindsey was required to remain at the probation office until he could provide another urine sample.

The offender did provide a second urine sample. While that sample had more color, it was also presumptive positive for methamphetamine. He initially denied any drug use. The offender eventually admitted to the use of methamphetamine on or about September 16, 2024. He also signed an admission of use form confirming that admission.

On September 23, 2024, this officer received notification from the laboratory that the sample provided by Mr. Lindsey on September 19, 2024, was negative.

4   **Special Condition #6**:  You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: On or about October 1, 2024, Brian Lindsey allegedly violated special condition number 6 by consuming alcohol.

On September 3, 2024, Mr. Lindsey submitted to an initial intake appointment with New Horizon Care Centers (NHCC), where he elected to engage in intensive outpatient (IOP) treatment services.

On October 1, 2024, the offender sent this officer a text message stating that he was positive for alcohol during urinalysis testing with NHCC.  The offender stated that he "had a few drinks when (he) went out to eat with (his) wife," but he insisted that he "will not be doing that again."

5   **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On or about September 26, 2024, Brian Lindsey allegedly violated special condition number 5 by consuming methamphetamine.

On October 1, 2024, the undersigned officer contacted the offender in response to a text message he sent, and he was instructed to report to the USPO.  Upon reporting as instructed, Mr. Lindsey was subject to a  random urinalysis and provided a urine sample that was presumptive positive for methamphetamine.  The offender denied any drug use and signed a denial of use form confirming that denial.

On October 8, 2024, this officer received notification from the laboratory that the sample provided by the offender on October 1, 2024, was negative.

On October 16, 2024, the individual under supervision contacted this officer and admitted to drug use approximately 5 days prior to the last urinalysis sample collected on October 1, 2024.

On October 18, 2024, Mr. Lindsey reported to the probation office and admitted to the use of methamphetamine on or about September 26, 2024, and he signed an admission of use form confirming that admission.

Prob12C
**Re: Lindsey, Brian James**
**October 22, 2024**
Page 4

| | | |
|---|---|---|
| | 6 | **Special Condition #4**: You must undergo substance abuse evaluations and, if indicated by a licensed/certified treatment provider, enter into and successfully complete approved substance abuse treatment programs, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: In September 2024, Brian Lindsey allegedly violated special condition number 4 by being noncompliant with his established treatment plan.

On October 14, 2024, this officer received notification from New Horizon Care Centers (NHCC) that the offender was considered "noncompliant" for the month of September 2024. According to the information received, Mr. Lindsey was considered noncompliant because he tested positive for alcohol then claimed "he had no idea that alcohol could not be consumed in treatment," despite being required to abstain for the conditions of his federal supervision. His "less than honest behavior" resulted in his removal from telehealth services.

Additionally, the offender is noted as failing to comply with treatment, having unexcused absences, and failing to submit to urinalysis testing as required.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   October 22, 2024

s/Amber M.K. Andrade

Amber M. K. Andrade
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Thomas O. Rice
United States District Judge

October 22, 2024
Date